UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JACKSON, ET AL., | No. 2:14-cv-00250-WBS-AC |
| Plaintiffs, | |
| v. | ORDER |
| FARMERS INSURANCE EXCHANGE, ET AL., | |
| Defendants. | |

On December 10, 2014, the court heard oral argument on defendant Farmers Insurance Exchange's ("defendant") motion to compel. Russell Robinson appeared for plaintiffs Thomas Jackson, Emma Jackson and TJ Enterprises (collectively "plaintiffs"); Monica Scott appeared for defendant. After carefully considering the parties' papers and arguments, defendant's motion to compel is GRANTED.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on January 27, 2014 alleging claims of discrimination, breach of contract, breach of implied covenant of good faith and fair dealing, negligence, breach of fiduciary duty and unlawful misrepresentations in violation of the California Business and Professions Code section 17200. ECF No. 1.

On June 27, 2014, defendants filed a notice of related case, ECF No. 14, and on July 22, 2014, a related case order was entered ordering that the instant case be related to Case No. 2:12-

1

cv-01020-WBS-AC ("Jackson I"), ECF No. 16.  On August 7, 2014, the district judge entered an order on the parties' stipulation to expedite discovery and ordered that all of the discovery in Jackson I be treated as though it occurred in this current action.  ECF No. 21.

On August 13, 2014, the undersigned granted the parties' stipulated protective order.  ECF No. 24.  On August 25, 2014, the district judge granted defendants' motion to dismiss, dismissing plaintiffs' second and third claims against individual defendants.  ECF No. 25.  On September 3, 2014, defendants Bruce H. Bailey, Steven Eason and James Gillis filed an answer.  ECF No. 27.  On October 23, 2014, the undersigned issued an order on defendants' motion for sanctions, ordering plaintiffs' counsel to pay sanctions previously ordered.  ECF No. 30.

On November 4, 2014, the parties filed a joint status report.  ECF No. 33.  On December 4, 2014, the district judge assigned to this action issued a status (pretrial scheduling) order.  ECF No. 40.  The order sets a June 5, 2015 discovery completion deadline.  Id.

Defendants filed the instant discovery motion on November 13, 2014.  ECF No. 34.  The parties filed their Joint Statement on December 3, 2014.[1]  ECF Nos. 38–39.

## DISCOVERY DISPUTE

Defendant moves to compel plaintiff TJ Auto Body Services, Inc. to provide "(1) the agreed-upon supplementary responses to FIE's First Set of Requests for Production and (2) the agreed-upon supplementary documents responsive to FIE's First Set of Requests for Production."  ECF No. 34 at 2.

A.   General Background

On August 15, 2014, defendant propounded its first set of requests for production of documents seeking, *inter alia*, documents related to the claims in plaintiffs' complaint.  See Scott Decl. Ex. A, ECF No. 38-1.  Plaintiffs did not timely respond to the requests by the September 18, 2014 deadline.  Scott Decl. ¶ 4.

---

[1] The parties are reminded of the undersigned's standing information, which provides that "**Courtesy copies** of all Joint Statements, with declarations, exhibits and other **attachments tabbed**, are **mandatory** and should be delivered to the Clerk of Court at least seven (7) days before the scheduled hearing."  Further, as an alternative to the formal motion process, the undersigned offers a procedure for resolving discovery disputes by informal telephonic conference.  The undersigned's standing information and procedure for informally resolving discovery disputes are posted on the undersigned's page of the court's website.

1    Plaintiffs' untimely October 8, 2014 responses, see Scott Decl. ¶ 5, objected to the
2  requests on various grounds including the following: "[c]alls for a legal opinion and/or expert
3  analysis," "seeks protected attorney-client communications," "[o]ver-broad as to time," relevance,
4  privacy and "vague and ambiguous." ECF No. 39 at 12–23. With the exception of request
5  numbers 17–20, which plaintiffs stated could not be located, without waiving objections,
6  plaintiffs' responses indicated that the documents would be produced to the extent they exist. Id.
7    With regard to request numbers 17–20, plaintiffs' responses stated in part as follows:

> Without waiving, to the extent these materials exist, they will [be] produced. However, after a good faith and reasonable inquiry, Plaintiffs have been unable to locate any such responsive materials; discovery continues.

11 Id. at 17–18.
12   Defense counsel sent plaintiffs' counsel a meet and confer letter on October 8, 2014
13 outlining the deficiencies in plaintiffs' responses. Scott Decl. ¶ 5, Ex. C.
14   On October 14, 2014, the parties met and conferred telephonically. Scott Decl. ¶ 6.
15 Plaintiffs' counsel agreed to produce supplemental responses by October 22, 2014. Id. ¶ 6, Ex. D.
16   On October 15, 2014, plaintiff Emma Jackson was deposed and confirmed she was in
17 possession of a number of responsive documents. Scott Decl. ¶ 7, Ex. E. Similarly, plaintiff
18 Thomas Jackson was deposed on October 16, 2014 and testified that he possessed a number of
19 responsive documents. Scott Decl. ¶ 9, Ex. F.
20   Plaintiffs failed to provide the supplemental responses as promised by the agreed-upon
21 October 22, 2014 deadline. Scott Decl. ¶ 10. Instead, plaintiffs' counsel represented to defense
22 counsel on October 22, 2014 that the documents were being delivered via overnight mail. Id. On
23 October 28, 2014, after not receiving the documents, defense counsel contact plaintiffs' counsel
24 regarding the status of the responsive documents. Id. Plaintiffs' counsel represented that the
25 documents would be sent that week. Scott Decl. ¶ 10, Ex. G.
26   Plaintiffs' counsel e-mailed defense counsel on October 29, 2014 regarding the status of
27 the responsive documents and defense counsel responded that they would be delivered by that
28 Friday, October 31, 2014. Scott Decl. ¶ 11, Ex. H.

1    Following plaintiffs' failure to provide the documents, plaintiffs' counsel told defense
2    counsel on November 3, 2014 that they would be mailed that day.  Scott Decl. ¶ 12, Ex. I.
3    On November 6, 2014, defense counsel received a box of documents.  Scott Decl. ¶ 13.
4    However, the production was not bates labeled and contained attorney-client communications.
5    Id.  The document production also did not include a number of responsive documents.  Scott
6    Decl. ¶ 14.
7    Defense counsel corresponded with plaintiffs' counsel on November 7 and 10, 2014 to no
8    avail.  Scott Decl. ¶¶ 15–16.  Plaintiffs' counsel responded that he was waiting on a verification
9    from plaintiff Thomas Jackson and he was still trying to obtain native spreadsheet files.  Scott
10   Decl. ¶ 16, Exs. J–K.
11   The parties met and conferred on November 25, 2014.  Scott Decl. ¶ 17.  Plaintiffs'
12   counsel confirmed that there is "no dispute as to what is required to be produced by Plaintiff TJ
13   Enterprises [and] [t]he only issue that currently remains between the Parties is Plaintiff TJ
14   Enterprises' failure to actually serve the supplemental responses and all of the promised
15   supplemental responsive documents."  Scott Decl. ¶ 17.
16   B.    Defendant's Position
17   Defendant argues that plaintiffs Mr. and Mrs. Jackson have confirmed they are in
18   possession of a number of responsive documents and plaintiffs' counsel has agreed to supplement
19   their responses to the request for production of documents but has failed to do so.  ECF No. 39 at
20   23.  Accordingly, the only issue before the court is plaintiffs' failure to serve supplemental
21   responses.  Id.  Defendant argues that plaintiffs are required to supplement their responses to the
22   requests that indicate documents will be produced even if responsive documents are not available
23   and include a reason why.  Id. at 24 (citation omitted).
24   With regard to plaintiffs' responses to request numbers 17–20, defendant argues that
25   plaintiffs Mr. and Mrs. Jackson indicated during their depositions that they may have responsive
26   documents but would need to check their filing cabinets.  Id. at 24 (citing Scott Decl. Exs. E–F).
27   However, defendant argues that plaintiffs' responses to request numbers 17–20 fail to "provide
28   specificity to allow the Court to assess whether efforts to locate documents were actually

4

1  reasonable." Id. In other words, defendant cannot determine whether some of these documents
2  exist or not because plaintiffs have "refused to produce supplementary discovery responses." Id.
3  at 10 n.5.
4        Defendant further argues that while plaintiffs produced a box of documents on November
5  6, 2014, the production "failed to include documents that were previously promised to Defendants
6  and identified by both Emma and Thomas Jackson at their depositions." ECF No. 39 at 25.
7  These documents include:

> (1) "Spreadsheets" and other documents identified by Emma Jackson which she used to perform her valuation on TJ Enterprises, including documents detailing how much Farmers work TJ Enterprise performed before and after removal from the COD program;
>
> (2) The valuation of TJ Enterprises performed by Emma Jackson;
>
> (3) A complete copy of Plaintiff TJ Enterprises' representation agreement with its broker, Stellar Business Ventures, Inc.;
>
> (4) TJ Enterprises' customer complaint files;
>
> (5) Before and after pictures of the Aube vehicle identified by Thomas Jackson at his deposition;
>
> (6) Communications (i.e., text messages, emails, etc.) between Thomas Jackson and Brian von Tress (the purchaser of TJ Enterprises) concerning the sale of the business;
>
> (7) Complete list of all healthcare providers for Thomas Jackson;
>
> (8) Native copies of sales information repeatedly promised by Plaintiffs' counsel;
>
> (9) Copies of any documents Ms. Jackson used to calculate the damages in Plaintiffs' Rule 26 Initial Disclosures;
>
> (10) Documents evidencing any lawsuits filed against Plaintiff TJ Enterprises; and
>
> (11) Documents related to TJ Enterprises' removal from Allstate's preferred vendor program.

ECF No. 39 at 25–26. Defendant argues that plaintiffs' "latest production is also replete with additional deficiencies, including but not limited to the following:"

> (1) There are several documents titled "Tax Year 2011," "Tax Year 2012" and a similar untitled document from 2013 detailing certain expenditures. Notably, Plaintiff failed to provide such documents

for years 2007, 2008, 2009 and 2010;

(2) Plaintiff produced various "Bank of the West" account statements for years 2011 and 2012, but failed to produce account statements for years 2007, 2008, 2009, 2010 and 2013. As such, FIE requires account statements for these years as well;

(3) Plaintiff failed to provide an income statement for years 2007, 2008 and 2010. Moreover, the income statements produced for years 2009 and 2011 are of poor quality with lines cut off from the pages;

(4) While Plaintiff produced a balance sheet for 2012, balance sheets for years 2007, 2008, 2009, 2010, 2011 and 2013 are still missing; and

(5) Plaintiff failed to provide a complete and legible list (without any information missing) of transfer items from TJ Enterprises to Collision Pros.

Id. at 26.

Finally, defendant argues that under Rule 37, the court should impose monetary and evidentiary sanctions for plaintiffs' failure to respond to the requests for production of documents. ECF No. 39 at 27. Defendant argues that "[t]here is no justification for Plaintiffs' wholesale failure to serve the agreed-upon supplementary responses and documents." Id. Defendant states that to date it has spent approximately five hours on the Joint Statement. Id. Defendant calculates the total requested award of sanctions as $1,634.00 based on defense counsel's $326.80 hourly rate. Id. With regard to evidentiary sanctions, defendant seeks sanctions regarding Emma Jackson's computation of each category of plaintiffs' alleged damages and documents supporting the valuation of plaintiffs' business. Id. at 27.

C.  Plaintiffs' Position

Plaintiffs argue in opposition as follows:

Plaintiffs have produced all materials in their possession, custody, or control to date. Additional materials are forthcoming.

All withheld materials, as the defense has been informed myriad times, are limited to attorney-client communications and work-product analyses. Plaintiffs are not required to list every communication between attorney and clients; that would be tantamount to waiver and, would also apply to the defense if true. Plaintiffs are not required to disclose work-product under Rule 26.

Plaintiffs will in fact supplement. Trial has not been set, and the

6

> defense has been hyper-aggressive in its approach to discovery. For example, as addressed at depositions, Defendants noticed Plaintiffs depositions to occur on dates in mid-October, before some responses were even due. The notices did not include any request for documents. Yet, the defense proceeded with the depositions and then insisted that the depositions were continued pending further production.
>
> Plaintiffs have agreed to supplement. Certain logistical issues, some now arising from the sale of the business, have arisen.

Id. at 28.

## DISCUSSION

A.   Failure to Supplement

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Further, under Federal Rule of Civil Procedure 26(e)(1)(A) a party who has responded to a request for production must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."

Here, plaintiffs have stated that they will supplement their initial responses but have repeatedly failed to provide the responsive documents. Plaintiffs argue in the Joint Statement that "[a]dditional responses are forthcoming" and "Plaintiffs will in fact supplement" but fail to provide any details regarding what responses will be supplemented or when the documents will be produced. ECF No. 39 at 28. In light of plaintiffs' concession that "[t]he only issue that currently remains between the Parties is Plaintiff TJ Enterprises' failure to actually serve the

7

1  supplemental responses and all of the promised supplemental responsive documents," Scott Decl.
2  ¶ 17, plaintiffs' incomplete disclosures are treated as a failure to disclose.  Fed. R. Civ. P.
3  37(a)(4).  It is clear from the Joint Statement that plaintiffs are in possession of at least some
4  responsive documents at this time, see, e.g., ECF No. 38-2 at 42–46 (plaintiff Emma Jackson's
5  deposition testimony indicating she will provide documents relating to her valuation of TJ
6  Enterprises and has in her possession, *inter alia*, balance sheets and "anything that had anything
7  to do with the sale of the business"), and plaintiffs have failed to provide a sufficient explanation
8  for their repeated delay in producing responsive documents.

9       With regard to plaintiffs' argument that the withheld documents are "limited to attorney-
10  client communications and work-product analyses [and] Plaintiffs are not required to list every
11  communication between attorney and clients," ECF No. 39 at 28, this argument is not entirely
12  persuasive.  "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3),
13  protects from discovery documents and tangible things prepared by a party or his representative
14  in anticipation of litigation."  In re Grand Jury Subpoena (Mark Torf/Torf Environmental
15  Management), 357 F.3d 900, 906 (9th Cir. 2004).  In order to come within the work-product
16  protection created by Rule 26(b)(3), the material must be (1) "documents and tangible things"
17  (2) "prepared in anticipation of litigation or for trial" (3) "by or for another party or by or for that
18  other party's representative."  When a party withholds information that is otherwise discoverable
19  by claiming that the information is protected by the work product doctrine, the party must
20  "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or
21  tangible things not produced or disclosed – and do so in a manner that, without revealing
22  information itself privileged or protected, will enable other parties to assess the claim."  Fed. R.
23  Civ. P. 26(b)(5)(A).  Here, plaintiffs failed to produce anything that will enable defendant to
24  assess their work product claim.

25       Accordingly, plaintiffs will be ordered to supplement their responses within fourteen days
26  by producing responsive documents, including the documents listed by defendant in the joint
27  statement.  For any responsive documents that are not available or plaintiffs claim a privilege,
28  plaintiffs shall state with specificity why the documents are not available or produce a privilege

1  log summarizing the responsive documents that purportedly fall under the work product doctrine.

2  B.  Request Numbers 17–20

3  As noted, plaintiffs' responses to request numbers 17–20 indicate that, without waiving objections, the documents will be produced; but also state that "after a good faith and reasonable inquiry, Plaintiffs have been unable to locate any such responsive materials; discovery continues." Id. at 17–18.  Defendant takes issue with this response to the extent it fails to "provide specificity to allow the Court to assess whether efforts to locate documents were actually reasonable." ECF No. 39 at 24.  Plaintiffs do not respond to this argument other than to argue that all documents in their control have been produced. Id. at 28.

To the extent plaintiffs have made a reasonable inquiry and have found that there are no responsive documents, plaintiffs' responses are insufficient.  The court agrees with defendant that if no responsive documents or tangible things exist, the responding party must describe its search with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence.  Rogers v. Guibino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (citing Marti v. Baires, No. 1:08–cv–00653–AWI, 2012 WL 2029720, at *19–20 (E.D. Cal. June 5, 2012)).  Plaintiffs' vague response that they made a "good faith and reasonable" inquiry fails to describe their search in a way that enables the court to determine whether or not it was reasonable.  Rogers, 288 F.R.D. at 485.

Accordingly, plaintiffs will be ordered to supplement their responses to request numbers 17–20 with responsive documents and for those requests that they are unable to locate responsive documents describe with sufficient specificity the search they conducted.

C.  Monetary Sanctions

Defendant seeks expenses in the amount of $1,634.00 to cover the cost of bringing its motion to compel.  ECF No. 39 at 27.  Defense counsel estimates that she spent approximately five hours on the motion.  Scott Decl. ¶ 19.  Plaintiffs do not respond to this argument.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the court "must" require the party whose conduct necessitated the filing of the motion to pay reasonable expenses including

1  attorney's fees. Fed. R. Civ. P. Rule 37(a)(5)(B). The Court may not order payment if the
2  nondisclosure was substantially justified or if other circumstances make an award unjust. Id. The
3  court must give an opportunity to be heard before requiring the party to pay reasonable expenses.
4  Id.

5  Here, there is considerable evidence that defendant attempted to obtain the requested
6  discovery without resorting to court action. Defense counsel requested the discovery responses
7  on several occasions and plaintiffs' counsel responded each time that the documents would be
8  mailed, but they never were. In fact, once supplemental documents were produced, they still
9  failed to adequately respond to the requests for production of documents. Moreover, defense
10 counsel told plaintiffs' counsel that a motion to compel would be forthcoming if plaintiffs'
11 supplemental responses were not received. Scott Decl. ¶ 16, Ex. B. Thus, plaintiffs were warned
12 that further failure to respond would result in the filing of a motion. Plaintiffs have not
13 sufficiently explained their failure to timely respond to defendant's requests for production or
14 supplement their responses and there is no evidence that plaintiffs' failure to respond was
15 substantially justified. The court therefore finds that an award of expenses is appropriate.

16 Defendant submitted a declaration from its attorney indicating that it expended
17 approximately $1,634.00 in attorneys' fees preparing its motion to compel based upon 5.0 hours
18 of work. Scott Decl. ¶ 19. The court finds that defendant's expenses are reasonable.
19 Accordingly, the court will order plaintiffs' counsel to pay defendant $1,634.00 in expenses
20 associated with the motion to compel. These sanctions shall be paid by plaintiffs' counsel and
21 plaintiffs' counsel shall not attempt to directly or indirectly recover such sanctions from plaintiffs.

22 D.     Evidentiary Sanctions

23 Defendant's requests for production of documents sought, among other things, all
24 documents relating to a valuation of TJ Enterprises and plaintiffs' claim for damages arising out
25 of this lawsuit. ECF No. 38-2 at 9–10 (defendant's request numbers 11, 14 and 24). As noted,
26 plaintiffs have failed to produce these documents despite plaintiff Emma Jackson's deposition
27 testimony, which indicates that she is in possession of at least some responsive documents.
28 Defendant seeks evidentiary sanctions in the form of the exclusion of evidence, arguing that

1  plaintiffs' failure to provide documents regarding plaintiff Emma Jackson's computations of

2  damages violates Federal Rule of Civil Procedure 26(a)(A)(iii), which requires a party to disclose

3  a computation and make available for inspection the documents. Id. at 27–28. Defendant argues

4  that as a result "[p]laintiffs should be barred from using any information or documents concerning

5  Emma Jackson's calculations of lost profits, future lost earnings, lost capacity, diminished value,

6  and general damages, as well as documents concerning/supporting the valuation of Plaintiffs'

7  business articulated in Plaintiffs' Rule 26 Initial Disclosures." Id. at 28 (internal quotations

8  omitted). Plaintiffs do not respond to this argument.

9       Under Federal Rule of Civil Procedure 37(c)(1), "If a party fails to provide information or

10  identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information

11  or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

12  substantially justified or is harmless." "The Advisory Committee Notes describe it as a 'self-

13  executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of

14  material . . . .'" Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.

15  2001) (quoting Fed. R. Civ. P. 37 Advisory Committee's Note (1993 Amendments)). "Courts

16  have upheld the use of the sanction even when a litigant's entire cause of action or defense has

17  been precluded." Yeti by Molly, Ltd., 259 F.3d at 1106 (citing Ortiz–Lopez v. Sociedad

18  Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001)).

19  "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be

20  introduced if the parties' failure to disclose the required information is substantially justified or

21  harmless." Yeti by Molly, Ltd., 259 F.3d at 1106 (citing Fed. R. Civ. P. 37(c)(1)). When, as in

22  this case, a sanction is less than a dismissal, the court is not required to identify willfulness, fault

23  or bad faith. Id. (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993); Wyle v. R.J.

24  Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)).

25       Here, it appears that plaintiffs are in possession of all or most of the documents related to

26  Ms. Jackson's computations. See, e.g., ECF No. 38-2 at 44–46; ECF No. 38-3 at 1–3, 7.

27  However, in light of the early stage of litigation and the harshness of this evidentiary sanction, the

28  court will not order the evidence barred at this time. While this action commenced in January

2014, discovery is not set to end until June 2015.  The court finds that the failure to produce documents at this early stage is harmless.  Plaintiffs are cautioned, however, that repeated failures to produce responsive documents will be met with harsher sanctions in the future, including the evidentiary sanction of barring the use of documents or information regarding plaintiffs' damages.

## CONCLUSION

For the reasons set forth above IT IS HEREBY ORDERED that:

1. Defendant's motion to compel, ECF No. 34, is GRANTED;

2. Within fourteen days from the date of the order, plaintiffs shall supplement their responses to defendant's request for production of documents as detailed in this order;

3. Within fourteen days from the date of this order, plaintiffs' counsel shall pay to defense counsel $1,634.00; and

4. Within fourteen days from the date of this order, plaintiffs' counsel shall file an affidavit under penalty of perjury stating that the sanction payment has been made and was not billed to plaintiffs.

DATED: December 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE