UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JACKSON, et al., | No. 2:14-cv-00250-WBS-AC |
| Plaintiffs, | |
| v. | ORDER |
| FARMERS INSURANCE EXCHANGE, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(1). Currently before the court is counsel for defendants' declaration in support of monetary sanctions against plaintiffs and plaintiffs' counsel of $980.40 for failure to comply with the court's January 23, 2015, order. ECF No. 45.

On November 13, 2014, Defendant Farmers Insurance Exchange ("FIE") filed a motion to compel seeking both supplemental responses and supplemental production to their First Set of Requests for Production. ECF No. 34. On December 15, 2014, the court granted FIE's motion in full, ordering Plaintiff TJ Auto Body Services, Inc. ("TJ's") to produce the agreed-upon responsive documents, and supplement their responses as to any document they claimed to be unavailable or protected by privilege. ECF No. 42 at 8–9. The court also granted FIE's request

////

1   for monetary sanctions to cover the cost of bringing their motion to compel in the amount of
2   $1,634.00.  Id. at 9–10.

3   When plaintiffs failed to timely comply with the discovery order, the parties agreed to
4   utilize the informal process offered by the undersigned for resolution of minor discovery
5   disagreements.  On January 22, 2015, the parties submitted a joint letter in advance of a scheduled
6   telephonic conference.  The letter detailed TJ's failure to produce the agreed-upon responsive
7   documents, as well as its failure to respond to Defendant James Gillis' First Set of Requests for
8   Production.  ECF No. 44.  The joint letter also included a request by defendants for additional
9   monetary sanctions against plaintiffs and plaintiffs' counsel of $980.40.  Id.  On January 23,
10  2015, counsel for the parties attended an informal telephonic conference with the undersigned.
11  ECF No. 45.  That conference resulted in the issuance of a minute order requiring plaintiffs to
12  produce responsive documents pursuant to its December 15, 2014, order no later than February 6,
13  2015.  Id.  The court also ordered plaintiffs to produce all documents responsive to Defendant
14  Gillis' First Set of Requests for Production and identify all documents destroyed by water damage
15  by February 6, 2015.  Id.  The court specified that plaintiffs' failure to comply by the close of
16  business on February 6, 2015 would result in the imposition of monetary sanctions.  Id.

17  At or after 5:00 p.m. on February 6, 2015, defendants' counsel Monica D. Scott filed a
18  declaration averring that plaintiffs had failed to timely comply with the court's order and
19  renewing the request for monetary sanctions of $980.40.  ECF No. 46.  On February 9, 2015,
20  plaintiffs' counsel Russell A. Robinson submitted a declaration in opposition to sanctions.  ECF
21  No. 47.  According to Robinson, supplemental production was prepared on February 5, 2015
22  pursuant to the court's January 23, 2015 order.  Id.  Robinson attaches a list of the prepared
23  documents, ECF No. 47-1, which were "being produced" on February 6, 2015.  ECF No. 47.
24  Robinson also declares that responses to Defendant Gillis' First Set of Requests for Production
25  were drafted on February 1, 2015.  Id.  Robinson declares that plaintiffs served their responses
26  upon defendants but do not state when.  Id.

27  On February 13, 2015, Ms. Scott submitted a supplemental declaration denying that
28  plaintiffs timely complied with the court's January 23, 2015 order in any respect.  ECF No. 48.

1 Scott declares that she received electronic copies of documents from plaintiffs on February 9,
2 2015, and hard copies on February 12, 2015.  Id. at 3.  Her declaration attaches the envelope in
3 which the hard copies were sent, postmarked February 9, 2015, as well as a February 9, 2015
4 email from plaintiff's counsel, as proof that plaintiffs' supplemental production was not timely.
5 Id. at 7, 11.  Also attached to the Supplemental Scott Declaration are the proofs of service which
6 accompanied the hard copies, which bear the printed date of February 6, 2015 but are unsigned.
7 Id. at 25, 40.  These unsigned certificates fail to establish that the documents were placed in the
8 mail on February 6, 2015.  Scott declares that plaintiffs never contacted her to inform her that
9 documents and responses might not be produced in a timely manner.  Id. at 2.  In addition, Scott
10 avers that many of the documents listed in plaintiffs' February 9, 2015 declaration were not, in
11 fact, produced.  Id. at 4.  The documents that defendants did not receive are listed in paragraph
12 nine of Scott's supplemental declaration.  Id. at 4.  Finally, those documents that were received
13 were allegedly disorganized, un-bates labeled, and failed to clarify which documents correspond
14 to which listed item.  Id.

15       Having considered the declarations of counsel for both parties, and their attachments, the
16 undersigned finds that Mr. Robinson failed to timely comply with the court's January 23, 2015,
17 order.  Accordingly, the court will grant defendants' request for sanctions against counsel for
18 plaintiffs in the amount of $980.40.  The court declines to issue these sanctions against plaintiffs
19 themselves.  If plaintiffs have not yet served defendants with sufficient supplemental responses
20 and production by the time this order is served, defendants may file a motion for further
21 sanctions.

22       In accordance with the foregoing, IT IS HEREBY ORDERED that:
23       1.      Within fourteen (14) days from the date of this order, plaintiffs' counsel shall
24            pay to defense counsel $980.40; and
25 ////
26 ////
27 ////
28 ////

2. Within fourteen (14) days from the date of this order, plaintiffs' counsel shall file an affidavit under penalty of perjury stating that the sanction payment has been made and was not billed to plaintiffs.

DATED: April 7, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE